■ IRENE SCHLEIMER, Appellant-Respondent, v ANDERSON MCPHERSON, Respondent-Appellant.—In an action to recover the balance due on an automobile installment contract, the parties cross-appeal (by permission) from an order of the Appellate Term for the Second and Eleventh Judicial Districts, dated April 1, 1976, as resettled by a further order of the same

court, dated May 18, 1976, which, *inter alia,* (1) reversed a judgment of the Civil Court of the City of New York, Kings County, entered June 17, 1975, which was in favor of plaintiff, following a nonjury trial, (2) dismissed the complaint and (3) dismissed, without prejudice, defendant's counterclaims. Order, as resettled, modified, on the law, by adding thereto, immediately after the provision dismissing the counterclaims, the following: "except the counterclaims based upon violations of the Truth in Lending Act (US Code, tit 15, §§ 1601 *et seq.)* and subdivision 1 of section 302 of the Personal Property Law". As so modified, order, as resettled, affirmed, without costs or disbursements, and action remitted to the Civil Court of the City of New York, Kings County, for further proceedings in accordance herewith. Plaintiff sued for defendant's failure to make payment in accordance with an installment contract, which plaintiff had purchased from a used car dealer. However, plaintiff, as an installment sale financier, is required to be licensed under section 492 of the Banking Law. She has failed to obtain such a license notwithstanding the fact that she had conducted this business for more than 15 years. The fact that she resides in New Jersey does not exempt her from this requirement, since she finances between 150 and 200 automobile purchases in New York each year. In the light of the fact that plaintiff obtained the installment contract in violation of a statute which is designed to protect New York consumers, she should not be permitted to enforce the contract. The Appellate Term properly dismissed the complaint. Defendant raised various counterclaims based upon the Truth in Lending Act and New York's analog to that act, subdivision 1 of section 302 of the Personal Property Law. Defendant correctly asserts that if he can prove that the used car dealer regularly discounted such contracts to the plaintiff at large discounts, and included the cost of financing in an inflated price, then plaintiff and the used car dealer have both violated the statutes in failing to disclose the discount in the sales contract (see *Joseph v Norman's Health Club,* 532 F2d 86). However, defendant was prevented from exploring the discount practice between plaintiff and the used car dealer; the trial court deemed this matter to be irrelevant. This was clearly incorrect and warrants a new trial as to those counterclaims (see *Ando v Woodberry,* 8 NY2d 165). Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.