GRAMATAN HOME INVESTORS CORP., Successor in Interest to the GRAMATAN CO. LTD., HOME INVESTORS TRUST, Respondent, v BEULAH MACK, Appellant.

Third Department, October 18, 1979

* By the Publisher's Editorial Staff.

## APPEARANCES OF COUNSEL

*Joel F. Spitzer* for appellant.

*Harvey & Harvey (B. Jennifer Jaffee* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

On January 10, 1973, the defendant and Latham Circle Living, Inc. (Latham) entered into an agreement whereby Latham was to make certain repairs and improvements to defendant's home. The agreed price was $2,485.80 including a finance charge. On January 10, 1973 the parties executed a

document entitled "Retail Installment Obligation" which referred to an "attached contract" which was dated January 17, 1973. Defendant also signed on January 10, 1973 an acknowledgment of receipt of two copies of a "notice of Right of Rescission". This document informed defendant that the credit transaction was consummated on January 10, 1973 with the execution of the Retail Installment Obligation and that she retained the right to rescind until January 15, 1973. On January 24, 1973 the defendant executed a promissory note running to Latham for the sum of $2,485.80, and a buyer's completion certificate and authorization indicating that all work had been satisfactorily completed. On January 26, 1973 defendant executed a mortgage on her home with Latham as mortgagee. The mortgage and promissory note were assigned to plaintiff on the same date. After two and one-half years of payments, defendant defaulted on November 4, 1975. Thereupon, plaintiff commenced this action for the balance due on the promissory note and retail installment contract. After plaintiff rejected defendant's attempt to rescind the January 10, 1973 contract, issue was joined by service of defendant's answer, dated December 1, 1975, which interposed three affirmative defenses and counterclaims. Following service of plaintiff's reply, defendant moved for partial summary judgment on the second affirmative defense and counterclaim on the ground that the notice of right of rescission requirements of the Truth in Lending Act had not been properly observed.* Defendant's motion was denied and plaintiff's cross motion to dismiss the second affirmative defense and counterclaim was granted. This appeal ensued.

■ Defendant's contention that she was not given full disclosure of her right of rescission as required in consumer credit transactions involving a security interest in real property (US Code, tit 15, § 1635, subd [a]) must be rejected. Where, as here, the mandated disclosure includes the right of rescission, a written acknowledgment by a purchaser of the receipt of the required disclosure only creates a rebuttable presumption of the delivery of the same (US Code, tit 15, § 1635, subd [c]) and is not, as County Court concluded, conclusive proof of such delivery. Therefore, defendant's January 10, 1973 written acknowledgment of receipt of disclosure created

---

* We are not concerned with the first affirmative defense grounded in fraud and willful misrepresentation or the third affirmative defense alleging violations of title 15 (§ 1638, subd [a], par [4]) of the United States Code.

a rebuttable presumption that plaintiff's predecessor had fully complied with the appropriate provisions of the Truth in Lending Act (US Code, tit 15, § 1635, subd [a]). Defendant's proof, both in support of her motion for summary judgment and in opposition to plaintiff's cross motion for like relief on the same affirmative defense and counterclaim, is deficient and fails to establish as a matter of law her right to summary relief or create an issue of fact in opposition to plaintiff's motion. Her affidavit is void of any affirmance that she did not sign two copies of a notice of right of rescission on January 10, 1973 and, further, that said copies did not inform her that the credit transaction was consummated on that date and that she retained the right to rescind until January 15, 1973.

Next, defendant's contention that the January 10, 1973 disclosure form was defective since it did not describe the goods to be supplied and the services to be performed must also be rejected. In consumer credit transactions not under an open credit plan, the creditor must only disclose the following: the cash price of the service purchased; any down payment credits; the balance due; all other charges included in the amount of credit extended not treated as part of the finance charge; the resulting total amount to be financed; the amount of the finance charge; the finance charge expressed as an annual percentage rate; the number, amount and due dates or periods of payments scheduled to repay indebtedness; charges payable upon default or late payment; and a description of any security interest held or to be acquired by the creditor (US Code, tit 15, § 1638, subd [a]). There is no requirement for description of services to be rendered. The purpose of the Truth in Lending Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit" (US Code, tit 15, § 1601, subd [a]). The act focuses on how the consumer will pay for what he buys, not on what he is purchasing.

Defendant's last contention that the January 10, 1973 notice of right of rescission was defective because it placed the expiration of the time to rescind on January 15, 1973 rather than January 20, 1973, three days subsequent to the date of execution of the retail installment contract form which had an attached contract for services to be performed dated January 17, 1973, is without merit. A contractual relationship is created between creditor and customer when the former prof-

fers credit and the latter accepts irrespective of the time of performance of the contract itself. Since both parties agree that defendant had entered into a contractual relationship with Latham on January 10, 1973, the time of the disclosure of the right of rescission, which was contemporaneous with the extension of and acceptance of the credit terms, the transaction was complete as of that date and no further disclosures were required.

While there may be merit to defendant's contention that the plaintiff assignee and its assignor were so close in their business dealings that in reality the assignor acted for plaintiff assignee in arranging the credit terms so as to make plaintiff assignee defendant's creditor and, therefore, liable for failure to identify itself as a creditor (*Price v Franklin Inv. Co.,* 574 F2d 594; *Jennings v Edwards,* 454 F Supp 770; *Schleimer v McPherson,* 60 AD2d 837, app dsmd 44 NY2d 730; cf. 12 CFR 226.6 [d]), this contention has no relevance to defendant's motion and plaintiff's cross motion for summary judgment on the second affirmative defense and counterclaim.

The order should be affirmed, without costs.

GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, without costs.