■ In the Matter of LISA Z. — Order unanimously affirmed, without costs, for the reasons stated in the decision at Monroe County Family Court, Bonadio, J. (Appeal from order of Monroe County Family Court, Bonadio, J. — adoption.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ JANICE BIRNBAUM et al., as Coexecutors of BERNARD P. BIRNBAUM, Deceased, Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 63695.) — Order and judgment unanimously affirmed, with costs, for reasons stated in memorandum decision at Court of Claims, McMahon, J. (Appeal from order and judgment of Court of Claims, McMahon, J. — partial summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ SUSAN B. BROWN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63557.) (Appeal No. 1.) — Judgment unanimously affirmed, with costs, for reasons stated in the memorandum decision at Court of Claims, Lowery, J. (Appeal from judgment of Court of Claims, Lowery, J. — negligence.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ FRANCES M. HUXFORD, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63562.) (Appeal No. 2.) — Judgment unanimously affirmed, with costs, for reasons stated in memorandum decision at Court of Claims, Lowery, J. (Appeal from judgment of Court of Claims, Lowery, J. — negligence.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.

■ FRANCIS J. MCCARTHY, JR., Individually and Doing Business as BENJAMIN RUSH CENTER, Respondent-Appellant, v WILLIAM WEAVER, Defendant; DOROTHY WEAVER, Also Known as DOROTHY W. THOMPSON, Respondent, and TRAVELERS INSURANCE COMPANY, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly dismissed the first cause of action against defendant Travelers insofar as it alleged a breach of contract; however, the remaining factual allegations do not state a separate claim for relief and thus should be dismissed with leave to incorporate those allegations in the sixth cause of action if plaintiffs are so advised. Similarly, the seventh cause of action, which purports to state a claim for civil conspiracy, should be dismissed because there is no substantive tort of civil conspiracy in New York (see *Danahy v Meese,* 84 AD2d 670, 672); nevertheless, plaintiffs should not be precluded from repleading the factual allegations that Travelers and William Weaver acted in concert to defraud plaintiffs. The first and third causes of action against Dorothy Weaver Thompson for breach of contract should be reinstated. In plaintiffs' "financial obligation-payment arrangement" form which she signed, she indicated that she had insurance but would pay all expenses not covered by the insurance. Additionally, however, she agreed "to pay all costs, charges and expenses of the Hospital of every kind and description" and acknowledged that it was an "original undertaking" on her part. The contract is thus ambiguous and presents a triable issue as to whether the parties intended that Dorothy Weaver Thompson be bound only to the extent that the costs exceeded William Weaver's insurance benefits or for the entire bill. (Appeals from order of Supreme Court, Onondaga County, Balio, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.