Daniel R. **MURPHY** and Susan **Murphy,** Plaintiffs,

v.

**EMPIRE OF AMERICA FSA,** Defendant.

**Civ. No. 84–200T.**

United States District Court, W.D. New York.

May 1, 1984.

Greisberger, Zicari, McConville, Cooman & Morin, P.C., Rochester, N.Y., for plaintiffs.

Moot & Sprague, Buffalo, N.Y., for defendant.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

The plaintiffs, Daniel R. Murphy and Susan Murphy, filed a complaint asserting their right to unilaterally rescind a consumer credit transaction pursuant to § 125 of the Truth-In-Lending Act, 15 U.S.C. § 1601, *et seq.*, and to recover the fees paid by them prior to recision. Additionally, the plaintiffs ask this Court to award them reasonable attorneys fees and impose a statutory penalty because the defendant has failed to honor the plaintiffs' right to rescind and return the aforementioned expenses to them. See 15 U.S.C. § 1640.

### HISTORY OF THE CASE

The underlying facts which bring the parties to this forum are uncontroverted. Daniel R. Murphy and Susan Murphy (consumers) applied to Empire of America F.S.A., (lender) for a twenty-seven thousand dollar ($27,000) personal loan to be secured by a second mortgage on their home. The lender accepted this application and tendered to the consumers a financial disclosure statement detailing the cost and terms of the credit arrangement. On November 18, 1982, the lender sent to the consumers a commitment letter offering to lend the funds according to the terms and conditions specified in that document and the consumers accepted the lender's offer within the requisite time. On November 26, 1982, in conformity with the Truth-In-Lending Act (TILA) and its applicable regulations, the lender provided the consumers with a notice of right to rescind. The consumers signed and returned the notice indicating their intention not to exercise their right to cancel the transaction.

The record reveals the consumers applied for an extension of their loan commitment past the final date of December 31, 1982. Following that, on January 31, 1983, the consumers notified the lender of their intention to rescind and requested the return of the funds that they had expended. The lender contends the consumers' recision letter was untimely and refuses to refund any expenses.

The parties concede there are no material issues of fact to be resolved and pending before this Court are cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### DECISION

For the reasons set forth below I hold that the consumer credit transaction between the plaintiffs and the defendant was consummated on November 21, 1982, and the plaintiffs attempt to rescind on January 31, 1983 was untimely.

### I.

§ 125 of the TILA (15 U.S.C. 1635[a]) provides a consumer with the right to rescind a credit transaction within three (3) business days of the happening of three (3) specific events, whichever occurs later. The specific events are one, consummation of the transaction, two, receipt of truth-in-lending disclosures, and finally, a receipt of a notice of a right to rescind. Squarely at issue on the facts of this case is the meaning of the phrase "consummation of the transaction" as it is used in 15 U.S.C. § 1635(a).

The consumers contend that the credit transaction with the defendant was never consummated, and, therefore, their right to rescind was still viable when and if they elected to exercise it. The lender contends that this credit transaction was consummated when the consumers accepted the lender's offer of credit and paid the requisite fee.

Consummation is defined in Regulation Z (12 CFR 226.2[a][13]) as "the time that a consumer becomes contractually obligated on a credit transaction". Regulation Z does not, however, define exactly *when* a transaction is consummated. Rather, the Regulation provides that applicable state law determines when a consumer becomes contractually bound to the credit terms. Regulation Z. Supplement I, Commentary 2(a)(13) (at p. 743 12 CFR, Part 200–299).

█ Under New York State Law, a commitment letter to make a loan is an enforceable contract and in order for such a commitment contract to exist, it is only necessary that the lender and the borrower concur as to the essential terms of the future mortgage transaction. *Dubin Weston, Inc. v. Louis Capano and Sons, Inc.*, 394 F.Supp. 146 (D.C.Delaware 1975); *Avalon Construction Corporation v. Kirch Holding Company*, 256 N.Y. 137, 175 N.E. 651 (1931); *Zelazny v. Pilgrim Funding Corporation*, 41 Misc.2d 176, 244 N.Y.S.2d 810 (Nassau County, 1963).

New York and Federal Courts have held that consummation of a transaction occurs at the time the commitment contract is executed. *Gramatan Corp. v. Mack*, 70 A.D.2d 288, 421 N.Y.S.2d 124 (3rd Dept. 1979); *Postow v. O.B.A. Federal Saving and Loan Association*, 627 F.2d 1370 (D.C. Cir.1980).

█ There can be no quarrel with the fact that by its stated terms, the consum-ers became contractually bound to the terms and conditions of the lender's credit offer when they executed the commitment letter. At that point, the consumer credit transaction was consummated within the meaning of the TILA, applicable regulations and New York State law.

Counsel for plaintiffs argues that consummation occurs when the actual note and security interest agreement are executed and, designating any prior event as "consummation" defeats the purpose of the Truth-In-Lending statute. I disagree. The stated intent of the TILA is to give consumers a full and fair opportunity to assess the terms and cost of financing offered by a lender.[1] By requiring early and complete disclosure Congress sought to give consumers an opportunity to compare the stated terms and other credit options if they wish to do so. In the instant case, the consumers were afforded such an opportunity. The lender provided truth-in-lending disclosures specifying the cost and terms of their credit offer. The disclosures were available to the consumers prior to the time they became contractually bound by accepting those terms. The lender also provided the consumers with the required notice of right to rescind on November 26, 1982 and thereby, gave the consumers an additional opportunity to assess the impact that the credit arrangement would have upon them.

Plaintiffs' counsel also contends that because the terms of the note and security interest will be controlling, the transaction is not completed until those documents are signed. Counsel argues that a consumer should have until these documents are executed to exercise their right to recision. This argument is unpersuasive. The TILA legislation is aimed primarily at disclosure of financial terms and costs of credit. Should a lender under the terms of its note

---

1. 15 U.S.C. § 1601 reads as follows:
   Congressional findings and declaration of purpose
   (a) The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

or security interest violate the terms in the disclosure notice, the TILA provides additional remedies. See 15 U.S.C. §§ 1635 and 1640.

## II.

Plaintiffs contend that the lender's "right to rescind notice" was insufficient because it did not specify the word "consummation". The right to rescind notice sent by the lender to the consumers on November 26, 1982 is a model form issued by the Federal Reserve Board which carries with it that regulating body's approval as in compliance with the TILA and its applicable regulation. On this basis, plaintiffs' argument fails. Defendant's motion for summary judgment is granted, plaintiffs' cross-motion is denied.

SO ORDERED.