■ SIEGELSON'S DIAMONDS AND JEWELRY, INC., Appellant-Respondent, v HARRY WINSTON, INC., Respondent-Appellant, et al., Defendant. [598 NYS2d 223] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 27, 1992, which denied the parties' respective motions for summary judgment, unanimously modified, on the law, to the extent of granting plaintiff's motion, and as so modified, the order is affirmed, without costs.

Plaintiff commenced the instant action against defendant Winston for conversion of a 5.71 carat diamond. Defendant New York City Police Department is the stakeholder.

Plaintiff sold the gem to one Flick in exchange for a piece of paper purporting to be a cashier's check in the amount of $155,800 drawn on Credit Nationale of Nassau, Bahamas, a nonexistent bank. Flick, under the name of Peter McKenzie, obtained a certificate for the ring from the Gemological Institute of America, and utilizing that certificate and a passport, sold the ring to the defendant Winston for $55,000.

Both parties now claim the ring. Plaintiff's motion for summary judgment should have been granted because Winston did not purchase the ring in good faith, i.e., with "honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." (UCC 2-103 [1] [b].) By filing a "Dealer's Report of Pledged or Purchased Property" in compliance with Administrative Code of the City of New York § 20-267, Winston treated the item as "second-hand" goods, and its admitted lack of a second-hand dealers license at the time of purchase precludes a finding that it acted with reasonable commercial standards of fair dealing in trade *(see, Schleimer v McPherson,* 60 AD2d 837, *appeal dismissed* 44 NY2d 730; *Atlas Auto Rental Corp. v Weisberg,* 54 Misc 2d 168). In the absence of a demonstration of good faith, Winston may not take advantage of the estoppel provisions of UCC 2-403. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.