■ KATHLEEN A. BURDICK, Appellant, v VERIZON COMMUNICATIONS, INC., et al., Respondents, et al., Defendants. [758 NYS2d 877] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered January 25, 2002, which granted the motion of defendants-respondents to dismiss the first 11 causes of action of the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of Verizon Communications, Inc. (Verizon), its corporate affiliates and its named employees (defendants) seeking dismissal of the first 11 causes of action in the complaint. The 1st through 7th, 9th and 11th causes of action sound in slander per se and are based on plaintiff's allegations that Verizon employees

stated that plaintiff "hit" or "took a swing at" a woman crossing the picket line in her car while plaintiff was engaged in a labor protest. The alleged statements of the Verizon employees do not as a matter of law constitute slander per se because those statements do not "charge[ ] plaintiff[ ] with an indictable offense" (*Privitera v Town of Phelps*, 79 AD2d 1, 4 [1981], *appeal dismissed* 53 NY2d 796 [1981]). Statements "are not slanderous per se unless they specify a crime or a crime is readily apparent from properly pleaded innuendo" (*id.* at 5). Contrary to plaintiff's contention, by allegedly stating that plaintiff "hit" or "took a swing at" another person, the Verizon employees did not thereby specify that the person was injured, which is a necessary element of an assault charge (*see generally* Penal Law §§ 120.00-120.12). The eighth cause of action, sounding in libel per se, was also properly dismissed because the written allegations that plaintiff "hit" or "took a swing at" another person "fall[ ] short of being 'reasonably susceptible to a connotation of criminality' " and thus are not actionable as libel per se without proof of damages (*Clemente v Impastato*, 274 AD2d 771, 774 [2000]). Finally, the 10th cause of action was properly dismissed because the tort of civil conspiracy is not recognized in New York (*see McCarthy v Weaver,* 99 AD2d 652 [1984]). Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.