■ TRANSIT MANAGEMENT, LLC, Plaintiff, v WATSON INDUSTRIES, INC., et al., Appellants, and FOOTHILL CAPITAL CORPORATION, Respondent, et al., Defendants. (Appeal No. 1.) [803 NYS2d 860]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered April 15, 2004. The order granted the motion of defendant Foothill Capital Corporation for summary judgment against defendants Watson Industries, Inc. and Benjamin Okwumabua.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendants Watson Industries, Inc. (Watson Industries) and Benjamin Okwumabua contend that Supreme Court erred in granting the motion of defendant Foothill Capital Corporation (Foothill) for summary judgment dismissing that part of their fifth counterclaim against it, alleging breach of contract. In appeal No. 2, Watson Industries and Okwumabua contend that the court erred in granting that part of the motion of defendants Charles K. Sauberan (Sauberan), Frederick R. Kulikowski, Professional Management, LLC (Professional), Sauberan & Co., Ltd. (Sauberan & Co.) and Watson Industries Management, LLC (WIMLLC) (collectively, Sauberan defendants) for summary judgment dismissing the third counterclaim of Watson Industries and Okwumabua insofar as it alleged "fraud and/or negligent misrepresentation and failure to form a contract" against Sauberan and Kulikowski and the fourth counterclaim of Watson and Okwumabua insofar as it alleged civil conspiracy against Sauberan, Sauberan & Co. and WIMLLC.

It is undisputed that in 1996 Foothill issued a commitment letter to Watson Industries for a revolving line of credit and a term loan (collectively, loan) for the purpose of paying off delinquent taxes and existing debt and to provide additional working capital. As collateral, Foothill was to receive a first lien security interest in all of the assets of Watson Industries. Watson Industries was required, as a condition of the loan, to provide Foothill with evidence that sufficient funds had been applied, or were available, "to bring all federal and state taxes to a current status." The "Statement of Mortgage" provided by Watson Industries to Foothill for closing included an "Offer in Compromise" for Internal Revenue Service (IRS) liens. Foothill refused to fund the loan until the IRS lien was resolved and removed, contending that it would not have the requisite first lien security position until the offer in compromise was accepted by the IRS.

Following Foothill's refusal to fund the loan, the Sauberan defendants made several proposals to provide funds to Watson Industries. Although the Sauberan defendants refused to sign a contract setting forth the terms and conditions of an agreement with Watson Industries, they nevertheless entered into an informal working arrangement in April 1997, which continued through September 1997. According to Watson Industries and Okwumabua, the Sauberan defendants wrongfully appropriated proceeds from post-April 1997 sales.

We conclude that the court properly granted Foothill's motion because Foothill established its entitlement to judgment as a matter of law, and Watson Industries and Okwumabua failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although a commitment letter proffered by a lender and accepted by a prospective borrower constitutes an enforceable contract (*see Gramatan Home Invs. Corp. v Mack*, 70 AD2d 288, 291-292 [1979], *lv dismissed* 49 NY2d 901 [1980]), here there was a condition precedent that had to be met to render the commitment letter enforceable. It is undisputed that Watson Industries did not satisfy the condition precedent with respect to providing written confirmation of firm payoff figures for its state and federal tax liabilities, and the offer in compromise did not establish a firm payoff amount. Thus, based on the failure of Watson Industries to satisfy the condition precedent, Foothill's obligation under the commitment letter never arose. Further, Watson Industries and Okwumabua failed to show that they were ready and willing to use the loan money to pay off the tax liens or that the loan provided sufficient funding to do so.

We further conclude that the court properly granted the motion of the Sauberan defendants in part. We address first that part of the third counterclaim alleging "failure to form a contract." "[A] mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *see HDA Parking Devs. v Mount Vernon Hosp.*, 260 AD2d 350, 351 [1999], *lv denied* 93 NY2d 814 [1999]). Here, the record establishes that Watson Industries never entered into a contract with the Sauberan defendants. In support of their motion, the Sauberan defendants submitted an outline regarding a proposed reorganization of Watson Industries, which indicated that Watson Industries was to disclose any liens, creditors and debts of the company. The Sauberan defendants also submitted evidence that Okwumabua refused to enter into an agreement incorporating the terms set forth in the outline regarding the proposed reorganization of Watson Industries and that the parties thereafter entered into an informal arrangement. Additionally, the Sauberan defendants submitted in support of their motion a revised proposal, pursuant to which Professional would purchase the assets of Watson Industries. Based on those submissions, the Sauberan defendants made a prima facie showing that the parties did not enter into a contract, and Watson Industries and Okwumabua failed to raise a triable issue of fact whether the parties entered into a binding agreement (*see generally Zuckerman*, 49 NY2d at 562). Thus, that part of the third counterclaim was properly dismissed.

The court also properly dismissed that part of the third counterclaim alleging fraud. It is well settled that representations such as those at issue herein that are not statements of existing fact but are merely expressions of future expectations or that are promissory in nature at the time made and relate to future actions or conduct are insufficient to support a cause of action or counterclaim for fraud (*see Cerabono v Price*, 7 AD3d 479, 480 [2004], *lv dismissed* 3 NY3d 737 [2004], *lv denied* 4 NY3d 704 [2005]). Here, the representation that Professional would loan money to Watson Industries in exchange for 49% ownership relates solely to future expectations and thus cannot support that part of the third counterclaim alleging fraud. Moreover, the Sauberan defendants established that they had indeed considered investing in Watson Industries, and Watson Industries and Okwumabua failed to submit any evidence raising an issue of fact whether the Sauberan defendants had not considered that investment (*see generally Zuckerman*, 49 NY2d at 562). Sauberan submitted an affidavit in which he stated that Okwumabua refused to enter into the proposed contracts in the spring of 1997; that Watson Industries did not provide full disclosure of its financial condition; and that, after learning of the financial condition of Watson Industries, the Sauberan defendants determined that asset purchase rather than reorganization was a preferable manner in which to proceed.

With respect to that part of the third counterclaim alleging negligent misrepresentation, it is equally well settled that an alleged misrepresentation related to promised future conduct is not actionable where there is no indication that the party that allegedly made the misrepresentation "did not intend to honor its commitment at the time [the alleged misrepresentation] was made" (*Margrove Inc. v Lincoln First Bank of Rochester*, 54 AD2d 1105, 1106 [1976], *appeal dismissed* 40 NY2d 1092 [1977]). As previously noted, the Sauberan defendants established in support of their motion that they had indeed considered investing in Watson Industries, and Watson Industries and Okwumabua failed to raise an issue of fact with respect thereto (*see generally Zuckerman*, 49 NY2d at 562).

Finally, with respect to that part of the fourth counterclaim alleging civil conspiracy, it is well established that New York does not recognize civil conspiracy as an independent tort (*see Burdick v Verizon Communications*, 305 AD2d 1030, 1031 [2003]; *Brenner v American Cyanamid Co.*, 288 AD2d 869 [2001]; *McCarthy v Weaver*, 99 AD2d 652 [1984]; *Danahy v Meese*, 84 AD2d 670, 672 [1981]). Rather, "[a]llegations of conspiracy are permitted only to connect the actions of separate

defendants with an otherwise actionable tort" (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]). Here, the Sauberan defendants established as a matter of law that there was no conspiracy to commit the tort of conversion and thus established their entitlement to judgment as a matter of law with respect to that part of the fourth counterclaim alleging civil conspiracy, and Watson Industries and Okwumabua failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.