■ Cohen PDC, LLC, a Delaware Limited Liability Company, et al., Respondents, et al., Nominal Plaintiffs, v Cheslock-Bakker Opportunity Fund, LP, a Delaware Limited Partnership, et al., Appellants. CBO-PDC 1, LLC, a Delaware Limited Liability Company, et al., Appellants, v Cohen PDC, LLC, a Delaware Limited Liability Company, et al., Respondents. (And Another Action.) [942 NYS2d 81]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 19, 2010, which granted the motion of Cohen PDC, LLC and Cohen Bros. Realty Corp. of California (together, the Cohen entities) for summary judgment dismissing all of CBO-PDC1, LLC, CBO-PDC2, LLC, and Cheslock-Bakker Opportunity Fund, LP's (collectively, the CBOs) claims and counterclaims, except for their sixth counterclaim for attorneys' fees, and denying the CBOs' cross motion for summary judgment on certain claims and counterclaims, unanimously affirmed, with costs.

The CBOs' claim that Cohen PDC violated the 2002 Operating Agreement by failing to (i) "deposit actual 'funds' as its shortfall deposit," (ii) "ensure that BDO calculated the buy/sell amount properly," (iii) "submit a Business Plan, Capital Budget, or Operating Budget for . . . 2003," (iv) "obtain Executive Committee approval before making 'major decisions,' " or (v) "obtain Executive Committee approval to request shortfall contributions from [the CBOs]" is belied by the factual record.

In addition, the CBOs' claim that they were entitled to an increased amount for their purchase price, based on the "waterfall" provision found in section 6.3 of the Operating Agreement is without merit. The fact that an express waterfall calculation was included in section 8.2, a second buy/sell provision within the Operating Agreement, but not included in section 8.1, upon which the CBOs rely, means, as a legal matter under standard rules of contract construction, that a waterfall was not intended as part of section 8.1 (*see Seidensticker v Gasparilla Inn, Inc.*, 2007 WL 4054473, 2007 Del Ch LEXIS 89 [Nov. 8, 2007]). Further, the testimony adduced established that the CBOs' counsel advised his client, principal of the CBOs,

that the Operating Agreement treated the subject buy/sell as a "deemed liquidation" which is "specifically to be determined" based upon section 6.4 and not based upon section 6.3, the provision in which the "waterfall" is found. The Cohen entities were entitled to rely on their accountant's calculations, and further, their capital call under section 4.2 (a), of the Operating Agreement was entirely consistent with the obligations that the company and its members had already undertaken, both in the Capital Expenditure Plan, the Mezzanine Loan Agreement, and the Guaranty, which the CBOs had, in fact, approved.

The CBOs' claim of breach of the implied covenant of good faith and fair dealing is inapplicable because the buy/sell calculation at issue is subject to and governed by the express terms and conditions contained in the parties' 2002 Operating Agreement (see Capital Z Fin. Servs. Fund II, L.P. v Health Net, Inc., 43 AD3d 100 [2007]; Quadrangle Offshore [Cayman] LLC v Kenetech Corp., 1998 WL 778359, *6, 1998 Del Ch LEXIS 200, *17-20 [Del Ch Oct 21, 1998]; see also Chamison v Healthtrust, 735 A2d 912, 921 [Del Ch 1999], affd 748 A2d 407 [Del 2000]).

The CBOs do not dispute that they voluntarily triggered the entire section 8.1 buy/sell process, or that they voluntarily decided to close the sale. Indeed, the letter stipulation executed at the time of the closing (and relied upon by the CBOs) expressly states that "the CBO Members have agreed to sell their respective interest [in the parties' LLC] to Cohen PDC . . . pursuant to the terms of Section 8.1 of the Operating Agreement." They did close, and sold their interests to Cohen PDC in exchange for a payment of $36.659 million, which they admittedly received and which was both a profit and admittedly more than their interests were worth. In sum, the CBOs utterly fail to establish, as they must, that Cohen PDC engaged in any arbitrary, unreasonable, oppressive, or underhanded conduct.

Finally, the motion court properly denied both parties summary judgment regarding the CBOs' counterclaim for attorneys' fees in connection with the federal action between the parties, which was dismissed sua sponte for lack of diversity jurisdiction. Concur—Saxe, J.P., Sweeny, Renwick and Abdus-Salaam, JJ. [Prior Case History: 2010 NY Slip Op 33108(U).]