■ ROSEMARIE A. HERMAN et al., Appellants, v JULIAN MAURICE HERMAN et al., Respondents, et al., Defendants. [998 NYS2d 319]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about February 8, 2013, which, to the extent appealed from as limited by the briefs, upon granting plaintiffs' motion to renew and granting in part their motion to reargue an order, same court and Justice, entered June 15, 2012, dismissing certain causes of action, adhered to its prior decision, unanimously affirmed, without costs. Appeal from so much of the order as denied reargument on the issue of the applicability of the infancy toll, unanimously dismissed, without costs.

Plaintiff Rosemarie A. Herman brings certain claims in her individual capacity, as beneficiary of two trusts (the trusts) which held her interest in six properties, and as natural guardian for her two sons who are remainder beneficiaries and contingent remainder beneficiaries of the trusts. The underlying properties were eventually transferred into six limited liability companies (LLCs) in which the trusts were 50% owners, and defendant J. Maurice Herman, Rosemarie's brother, the other 50% owner and sole managing member. Plaintiffs' claims arise from Maurice's purchase of Rosemarie's trust interests in 1998 allegedly at far below market value, without her knowledge, and with the alleged cooperation or collusion of defendant Michael Offit, trustee of both trusts.

The court, upon granting renewal, properly dismissed the second cause of action alleging conspiracy to breach fiduciary duty against Maurice as duplicative, as an alternative ground, since a separate tort is pleaded connecting Maurice to plaintiffs' alleged injury. The first cause of action alleges breach of fiduciary duty against Maurice and Offit based, in part, on allega-

tions that Maurice colluded with Offit in connection with Offit's breaches of his fiduciary duties and participated in that misconduct, largely in connection with the 1998 transaction and its concealment from Rosemarie (*see e.g. American Baptist Churches of Metro. N.Y. v Galloway*, 271 AD2d 92, 101 [1st Dept 2000]; *Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Danahy v Meese*, 84 AD2d 670, 672 [4th Dept 1981]).

The court also properly adhered to its ruling dismissing the 13th cause of action against Maurice alleging breach of the limited liability agreements relating to the LLCs, and the 14th cause of action alleging breach of fiduciary duty by Maurice in connection with his management of the LLCs, to the extent that these claims were brought derivatively on behalf of the LLCs. As Maurice purchased the trusts' interests in 1998, neither the trusts nor Rosemarie were members of the LLCs in 2011 when the lawsuit commenced, and they thus lacked standing to bring the derivative claims (*see Tzolis v Wolff*, 39 AD3d 138 [1st Dept 2007], *affd* 10 NY3d 100 [2008]; *Cohen PDC, LLC v Cheslock-Bakker Opportunity Fund, LP*, 2010 NY Slip Op 33108[U] [Sup Ct, NY County 2010], *affd on other grounds* 94 AD3d 539 [1st Dept 2012]).

The motion court correctly concluded that the trusts, as former members of the LLC, can nevertheless pursue individual claims under the 13th and 14th causes of action, to challenge the 1998 transaction, as that transaction allegedly deprived them of their interests in the LLCs (*Bernstein v Kelso & Co.*, 231 AD2d 314, 322-323 [1st Dept 1997]). The 22nd cause of action for an accounting by the LLCs, however, alleged solely as a derivative claim on behalf of the trusts, was properly dismissed, as the trusts were no longer members of the LLCs when the lawsuit commenced (*Tzolis*, 39 AD3d 138; *Cohen PDC, LLC*, 2010 NY Slip Op 33108[U], *13-15).

The court also properly denied plaintiffs' nonspecific request to amend the complaint.

Finally, plaintiffs' argument that the court erred in concluding that the infancy toll (CPLR 208) does not apply to the plaintiff sons' claims is not properly before us, as the court denied reargument as to that issue. Therefore, we dismiss the appeal from that aspect of the order. In any event, the argument has been rendered moot, as this Court recently modified the motion court's orders entered June 15, 2012 to declare the infancy toll applicable (121 AD3d 565 [1st Dept 2014]). Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ. **[Prior Case History: 2013 NY Slip Op 30366(U).]**