Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 1, 2016. The order denied that part of the motion of plaintiff for leave to amend the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and that part of the motion seeking leave to amend the complaint is granted in accordance with the following memorandum: Defendant purchased a vehicle from plaintiff and, at the time of the purchase, executed a Nonexport Agreement in which he agreed that he would not personally export the vehicle or transfer the vehicle “to any party for export outside North America.” In addition, the Nonexport Agreement provided that “[t]he parties agree that, it would be impractical or difficult to fix the actual damages” if the vehicle were exported in violation of the agreement and, therefore, if the vehicle were so exported, defendant would be obligated to pay plaintiff liquidated damages in the amount of $20,000. Some time after defendant purchased the vehicle, he transferred ownership of the vehicle to Superior Auto Sales, Inc. (Superior) and, less than one month after the vehicle was sold to defendant, it was exported to China. Plaintiff thereafter commenced this action seeking damages related to defendant’s alleged breach of the Nonexport Agreement.
 

 Following joinder of issue but prior to discovery, defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the liquidated damages clause was unenforceable. On a prior appeal, we affirmed Supreme Court’s order denying that motion, concluding that “defendant failed to meet his initial burden of establishing as a matter of law that the amount of liquidated damages does not bear a reasonable relation to plaintiff’s actual damages” (Great Lakes Motor Corp. v Johnson, 132 AD3d 1390, 1391 [4th Dept 2015]).
 

 During the ensuing discovery, plaintiff was provided with a copy of an agreement between defendant and Superior (Nominee Agreement), pursuant to which defendant agreed to buy vehicles for Superior, which was unable to do so itself as a result of “certain restrictive trade practices engaged in by the manufacturers and distributors of motor vehicles.” Defendant agreed to be “a bare Nominee” with no actual interest in the vehicles purchased, and further agreed to transfer those vehicles immediately to Superior. Defendant was thus a “ ‘straw buyer’ ” of the vehicle (United States v Any & All Funds on Deposit in Account No. 0139874788, at Regions Bank, Held in the Name of Efans Trading Corp., 2015 WL 247391, *1, 2015 US Dist LEXIS 6025, *4 [SD NY, Jan 20., 2015, No. 13 Civ 7983 (KPF)]). The Nominee Agreement further provided that Superior agreed to indemnify and hold harmless defendant “against any and all liability with respect to the purchase of the [vehicles] purchased by Superior in the name of [defendant].” In addition, defendant appointed Superior “to act as his . . . lawful attorney ... in connection with the purchase of the motor vehicles.” It is thus undisputed that Superior is representing defendant’s interests.
 

 Plaintiff thereafter moved for, inter alia, leave to amend its complaint to add Superior as a defendant and to assert causes of action for breach of contract and tortious interference with a contract against Superior as well as a cause of action for civil conspiracy against both defendant and Superior. We agree with plaintiff that the court erred in denying that part of plaintiff’s motion.
 

 “Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit” (McFarland v Michel, 2 AD3d 1297, 1300 [4th Dept 2003] [internal quotation marks omitted]; see CPLR 3025 [b]; Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]). Although defendant contends that plaintiff was required to “ ‘make an evidentiary showing that the claim[s] [could] be supported’” (Farrell v K.J.D.E. Corp., 244 AD2d 905, 905 [4th Dept 1997]; see Di Matteo v Grey, 280 AD2d 929, 930 [4th Dept 2001]; Mathews v Visual Thermoforming, 187 AD2d 964, 964-965 [4th Dept 1992]), or to submit an affidavit of merit (see Weller v Colleges of the Senecas, 261 AD2d 852, 852-853 [4th Dept 1999], lv denied 93 NY2d 817 [1999]), plaintiff correctly relies on the more recent cases from this Court, which provide that “[a] court should not examine the merits or legal sufficiency of the proposed amendment unless the proposed pleading is clearly and patently insufficient on its face” (Landers v CSX Transp., Inc., 70 AD3d 1326, 1327 [4th Dept 2010] [emphasis added and internal quotation marks omitted]; see Holst, 105 AD3d at 1374-1375; see generally Lucido v Mancuso, 49 AD3d 220, 224-230 [2d Dept 2008]).
 

 Here, defendant has failed to demonstrate that the proposed amendments were “palpably insufficient or patently devoid of merit” (Holst, 105 AD3d at 1374). In any event, the original complaint, exhibits and documents attached to the motion “provided the necessary evidentiary support for the motion” (id. at 1375).
 

 Defendant contends that all of the proposed amendments are “without merit” because plaintiff “did not and cannot prove it suffered any damages.” We reject that contention. “In [the] proposed amended complaint, plaintiff alleges that, as a result of [the conduct of defendant and Superior], [plaintiff] was damaged. On this record, we cannot conclude that plaintiffs allegation of damages is patently lacking in merit” (Duszynski v Allstate Ins. Co., 107 AD3d 1448, 1450 [4th Dept 2013]). Moreover, although plaintiff did not suffer any “chargeback [s]” from Mercedes-Benz, USA (MBUSA), deposition testimony of “the export sales compliance specialist” for MBUSA established that there were many other items of “financial loss” suffered by dealers as a result of the violation of Nonexport Agreements (see Holloway Auto. Group v Giacalone, 169 NH 623, 625-626, 154 A3d 1246, 1248 [2017]). In denying that part of the motion seeking leave to amend the complaint, the court concluded that plaintiff could not demonstrate any actual damages as a result of the breach of the Nonexport Agreement. We agree with plaintiff that the court improperly decided the merits of a disputed issue of fact in the context of a motion seeking leave to amend the complaint (see Caruso, Caruso & Branda, P.C. v Hirsch, 41 AD3d 407, 409 [2d Dept 2007]; Curiale v Weicholz & Co., 192 AD2d 339, 339 [1st Dept 1993]; see generally Lucido, 49 AD3d at 224-230).
 

 Contrary to defendant’s further contention, the proposed causes of action for civil conspiracy and tortious interference with a contract are not patently lacking in merit. Although “New York does not recognize civil conspiracy to commit a tort as an independent cause of action” (Matter of Hoge [Select Fabricators, Inc.], 96 AD3d 1398, 1400 [4th Dept 2012] [emphasis added and internal quotation marks omitted]; see Transit Mgt., LLC v Watson Indus., Inc., 23 AD3d 1152, 1155-1156 [4th Dept 2005]), such a “claim” or “cause of action” may be asserted where, as here, there are allegations of a “ ‘primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties’ intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury’ ” (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]; see Perez v Lopez, 97 AD3d 558, 500 [2d Dept 2012]). Here, plaintiff alleged a primary tort of tortious interference with a contract (see generally NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621 [1996]; Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]), and the allegations supporting that tort as well as the cause of action for civil conspiracy are not “palpably insufficient or patently devoid of merit” (Holst, 105 AD3d at 1374).
 

 With respect to the proposed cause of action for breach of contract against Superior, we conclude that the allegations supporting that cause of action are likewise not patently devoid of merit. “The general rule is recognized that an undisclosed principal is liable to third parties on contracts made in his behalf by his agent acting within his actual authority” (Industrial Mfrs., Inc. v Bangor Mills, Inc., 283 App Div 113, 116 [1st Dept 1953], affd 307 NY 746 [1954]). Here, plaintiff alleges that defendant was an agent of Superior, i.e., the undisclosed principal, and that he acted within his actual authority when he purchased the vehicle on behalf of Superior.
 

 Finally, defendant contends that the tort causes of action are now barred by the statute of limitations inasmuch as the limitations period expired during the pendency of this appeal. We decline to address the merits of that contention, which is raised for the first time on appeal, inasmuch as it is a contention that could be “ ‘obviated or cured by factual showings or legal countersteps’ ” in the motion court (Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.