Shawmut Woodworking & Supply, Inc. v ASICS Am. Corp. (2018 NY Slip Op 04291)





Shawmut Woodworking & Supply, Inc. v ASICS Am. Corp.


2018 NY Slip Op 04291


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6849 653350/15

[*1]Shawmut Woodworking & Supply, Inc., doing business as Shawmut Design and Construction, Plaintiff-Respondent,
v
ASICS America Corporation, Defendant-Appellant, 3BP Property Owner LLC, et al., Defendants.


Akin Gump Strauss Hauer & Feld LLP, Washington, DC (James E. Tysse of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Cohen Seglias Pallas Greenhall & Furman, P.C., New York (George E. Pallas of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 30, 2017, which, to the extent appealed from, denied defendant ASICS America Corporation's motion to dismiss the breach of contract cause of action against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against ASICS.
Plaintiff seeks to hold defendant ASICS liable for the balance of payment due for work it performed at an ASICS store pursuant to a contract with defendant Windsor Financial Group, LLC, ASICS's franchisee.
There is no basis in the complaint and supporting materials for applying the doctrine of piercing the corporate veil, which indeed plaintiff did not rely on (see generally Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). The complaint does not allege that ASICS and Windsor had any corporate relationship or overlapping ownership. It does not allege that Windsor was a dummy corporation or that ASICS had complete control over Windsor and used that control to perpetrate a fraud or wrong against plaintiff.
To the extent plaintiff relies on agency principles to hold ASICS liable on the contract with Windsor, the complaint fails to allege actual or apparent agency. It does not allege that ASICS actually authorized Windsor to enter into the contract on behalf of ASICS (see Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1372 [4th Dept 2017], citing Industrial Mfrs., Inc. v Bangor Mills, Inc., 283 App Div 113, 116 [1st Dept 1953], affd 307 NY 746 [1954]]). To the contrary, the master retail agreement between ASICS and Windsor makes clear that Windsor was an independent contractor, did not have the authority to bind ASICS, and was not authorized to act as ASICS's agent, and that ASICS would not assume Windsor's liabilities.
Nor does the complaint allege that plaintiff relied on any representations or conduct by ASICS that would "give rise to the appearance and belief that [Windsor] possesse[d] authority to enter into [the contract]" on ASICS's behalf (Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997], quoting Hallock v State of New York, 64 NY2d 224, 231 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK