Cohen & Lombardo, P.C. v Connors (2019 NY Slip Op 00755)





Cohen & Lombardo, P.C. v Connors


2019 NY Slip Op 00755


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1156 CA 18-00554

[*1]COHEN & LOMBARDO, P.C., PLAINTIFF-RESPONDENT-APPELLANT,
v
DANIEL R. CONNORS, JAMES J. NASH, DEFENDANTS-APPELLANTS-RESPONDENTS, JONATHAN D. COX, ERIN E. MOLISANI, CHRISTOPHER R. POOLE, AND MATTHEW A. LOUISOS, DEFENDANTS-RESPONDENTS. 






WEBSTER SZANYI LLP, BUFFALO (D. CHARLES ROBERTS, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
CONNORS LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered March 5, 2018. The order granted those parts of the motion of defendants to dismiss the second and fifth through ninth causes of action, and denied those parts of the motion to dismiss the first, third and fourth causes of action and for attorneys' fees, costs and sanctions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants Daniel R. Connors (Connors) and James J. Nash (Nash) were shareholders in plaintiff law firm, and both terminated their respective ownership interests in plaintiff on May 2, 2016. The remaining defendants (collectively, associate defendants) were associate attorneys who resigned from their employment with plaintiff on or about May 3, 2016. Plaintiff commenced this action seeking damages for breach of fiduciary duty, misappropriation, and conspiracy to violate fiduciary duties. In its complaint, plaintiff alleged that, between August 2012 and April 29, 2016, Connors and Nash devised a plan to leave plaintiff and establish a new law firm, taking with them most of plaintiff's civil litigation practice; that Connors and Nash conspired with the associate defendants to carry out this plan; and that, shortly after defendants' departure from plaintiff, several of plaintiff's long-time clients transferred their cases to the new firm established by Connors and Nash. Defendants moved to dismiss the complaint pursuant to CPLR 3211 and 3016 and also sought sanctions, costs, and attorneys' fees pursuant to 22 NYCRR 130-1.1. Supreme Court granted defendants' motion in part by dismissing the causes of action for conspiracy to violate fiduciary duties against each of the defendants. The court denied the motion with respect to the causes of action against Connors for breach of fiduciary duty and misappropriation and the cause of action against Nash for breach of fiduciary duty and also denied the motion with respect to attorneys' fees, costs, and sanctions. Connors and Nash (collectively, defendants-appellants) appeal and plaintiff cross-appeals. We affirm.
Addressing first the appeal, we reject defendants-appellants' contention that the breach of fiduciary duty causes of action should have been dismissed pursuant to CPLR 3016 (b). " To state a claim for breach of fiduciary duty, a plaintiff must allege that the defendant owed him [or her] a fiduciary duty, that the defendant committed misconduct, and that the plaintiff suffered damages caused by that misconduct' " (Northland E., LLC v J.R. Militello Realty, Inc., 163 AD3d 1401, 1402 [4th Dept 2018]). It is well established that " [a] cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016 (b)' " (Litvinoff v Wright, 150 AD3d 714, 715 [2d Dept 2017]). Nonetheless, "the basic test for sufficiency of a pleading still applies, requiring us to [a]ssum[e] every fact alleged by plaintiff to be true, and [*2]liberally constru[e] the pleading in plaintiff's favor" (Serio v Rhulen, 24 AD3d 1092, 1093 [3d Dept 2005] [internal quotation marks omitted]; see generally Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]). Here, we conclude that the breach of fiduciary duty causes of action were pleaded with sufficient particularity to survive the motion to dismiss.
Upon construing the complaint liberally and according plaintiff the benefit of every possible favorable inference (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we also reject defendants-appellants' contention that the misappropriation cause of action asserted against Connors should be dismissed. "[W]here[, as here,] evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 683 [2d Dept 2017]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Here, we conclude that the issue whether the items allegedly taken by Connors constitute misappropriated material is one of fact "that cannot be resolved on [a pre-answer] motion to dismiss" (Montrallo v Fritz, 176 AD2d 1215, 1215 [4th Dept 1991]).
Contrary to defendants-appellants' final contention, we conclude that the court did not abuse its discretion in denying that part of their motion seeking attorneys' fees, costs, and sanctions (see generally 22 NYCRR 130-1.1 [a]).
With respect to plaintiff's cross appeal, we conclude that the court properly granted that part of the motion dismissing each of the causes of action for conspiracy to violate fiduciary duties. First, those causes of action against defendants-appellants are duplicative of the breach of fiduciary duty causes of action asserted against them (see Herman v Herman, 122 AD3d 506, 506-507 [1st Dept 2014]; Danahy v Meese, 84 AD2d 670, 672 [4th Dept 1981]). Next, with respect to the associate defendants, while it is true that " New York does not recognize civil conspiracy to commit a tort as an independent cause of action' " (Piatt v Horsley, 108 AD3d 1188, 1189 [4th Dept 2013]), "[a]llegations of conspiracy are permitted . . . to connect the actions of separate defendants with an otherwise actionable tort" (Transit Mgt., LLC v Watson Indus., Inc., 23 AD3d 1152, 1155-1156 [4th Dept 2005]). Such a conspiracy claim "may be asserted where . . . there are allegations of a primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury" (Great Lakes Motor Corp. v Johnson, 156 AD3d 1369, 1371-1372 [4th Dept 2017] [internal quotation marks omitted]). Here, however, the complaint merely recites those elements and fails to assert any supporting factual allegations with respect to the associate defendants' "overt act[s] in furtherance of the agreement" and "intentional participation in the furtherance of a plan or purpose" (id. [internal quotation marks omitted]). Thus, even applying the requisite liberal construction to the complaint, we conclude that the court properly dismissed the conspiracy causes of action against each of the associate defendants.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court