Ronald W. CARYE, Mirlaine Jeune and Charles A. Smith, Plaintiffs,

v.

LONG BEACH MORTGAGE COMPANY, Defendant.

Civil Action No. 06–10887–WGY.

United States District Court, D. Massachusetts.

Jan. 22, 2007.

Christopher M. Lefebvre, Pawtucket, RI, for Plaintiff.

Bethany K. Biesenthal, Matthew M. Neumeier, Scott T. Schutte, Jenner & Block LLP, Chicago, IL, R. Bruce Allensworth, Brian Marc Forbes, Kirkpatrick & Lockhart Nicholson Graham LLP, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

## I. INTRODUCTION

Ronald W. Carye ("Carye") commenced this lawsuit on May 19, 2006, alleging, on the behalf of a putative class, that the defendant, Long Beach Mortgage Company ("Long Beach"), failed to comply with the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Compl. [Doc. No. 1] ¶ 12. After Long Beach moved to dismiss [Doc. No. 5], Carye amended his complaint to add two named plaintiffs, a claim pursuant to the Massachusetts Consumer Cost Disclosure Act ("MCCDA"), and an individual claim for rescission under TILA and MCCDA. Am. Compl. ¶¶ 30–43. Long Beach now moves to dismiss the amended complaint for failure to state a claim. Def's. Mot. to Dismiss [Doc. 12] ¶¶ 11–13. Long Beach also seeks to sever the claims of plaintiffs Mirlaine Jeune ("Jeune") and Charles A. Smith ("Smith"). *Id.* ¶ 10.

### A. Alleged Facts

On or about October 21, 2005, Carye obtained two loans from Long Beach, secured by his residence at 35–37 Goodrich Road in Jamaica Plain, Massachusetts. Am. Compl. ¶¶ 4, 10. Carye's loans were in the amount of $664,000 and $166,000. *Id.* Exs. A, B.

On or about November 1, 2005, Jeune obtained two loans from Long Beach secured by his residence at 279 W. Elm

Street in Brockton, Massachusetts. *Id.* ¶¶ 5, 16. Jeune's loans were in the amount of $356,000 and $89,000. *Id.* Exs. M, N.

On or about February 6, 2006, Smith obtained a loan from Long Beach secured by his residence at 51–53 Drowne Street in Cranston, Rhode Island. *Id.* ¶¶ 6, 18. Smith's loan was in the amount of $192,000. *Id.* Ex. W.

Each plaintiff signed a 1–4 Family Rider/Assignment of Rents ("Rider") in connection with their loans. *Id.* Exs. E, F, Q, R, Y.

### B. Federal Jurisdiction

This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1640.

## II. DISCUSSION

### A. Standard of Review

For purposes of this motion, the Court takes as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." *Coyne v. City of Somerville,* 972 F.2d 440, 442–43 (1st Cir.1992) (citation omitted). A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 25 (1st Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff "is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988).

### B. The Truth in Lending Act

A brief overview of the relevant provisions of TILA, enacted in 1968, is in order.[1] The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The content and presentation of loan agreements are regulated by TILA and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226.[2] To this end, TILA requires creditors to clearly and accurately disclose terms of credit transactions. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

With respect to mortgages which are secured by property—the type of credit

---

1. MCCDA, Mass. Gen. Laws ch. 140D, §§ 1–35, is TILA's state counterpart. The Federal Reserve Board has granted some exemptions to TILA in Connecticut, Maine, Massachusetts, Oklahoma, and Wyoming. 12 C.F.R. Pt. 226, Supp. I 12 C.F.R. § 226.29(a) ¶ 4. In these few states, as to certain TILA requirements, certain federal provisions have no force and creditors are subject to state requirements that are generally similar to the federal requirements. See *Belini v. Washington Mut. Bank, FA,* 412 F.3d 17, 20 (1st Cir. 2005) (citing *Ives v. W.T. Grant Co.,* 522 F.2d 749, 755 (2d Cir.1975)). According to the Federal Reserve Board's regulations, however, the exemption's displacement of federal law in favor of state law is not absolute. 12 C.F.R. § 226.29(b). It is well established that debtors retain at least the ability to file suits for damages in federal court pursuant to 15 U.S.C. § 1640, regardless of the exemption. *Belini,* 412 F.3d at 20.

2. Regulation Z, promulgated by the Federal Reserve Board, is considered an authoritative interpretation of TILA. The Board-published official staff commentary to Regulation Z is dispositive in TILA cases unless the commentary is demonstrably irrational. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565–568, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

transaction at issue here—TILA requires the creditor to disclose a statement that a security interest has been taken in (a) the property which is purchased as part of the credit transaction, or (b) property not purchased as part of the credit transaction identified by item or type. 15 U.S.C. § 1638(a)(9).

Regulation Z provides the necessary content of disclosures:

> For each transaction, the creditor shall disclose the following information as applicable:
>
> . . .
>
> (m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type. . . .

12 C.F.R. § 226.18. Regulation Z defines "security interest" as an "interest in property that secures performance of a consumer credit obligation and that is recognized by State or Federal law." 12 C.F.R. § 226.2(a)(25). Regulation Z, however, expressly excludes "incidental interests" from its definition of security interests. *Id.* Incidental interests include "interests in proceeds, accessions, additions, fixtures, insurance proceeds . . ., premium rebates, or interests in after-acquired property." *Id.* The Official Commentary to Regulation Z explains that TILA prohibits the disclosure of incidental interests. 12 C.F.R. Pt. 226, Supp. I § 226.2(a)(25) ¶ 2.

## C. Defendant's TILA Disclosure

The Rider states in relevant part:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and *goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to,* those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1–4 Family Rider and the Security Instrument as the "Property."

*E.g.,* Am. Compl., Exs. E (emphasis added).

■ In this case, the mortgage contracts failed to disclose the security interest created by the Rider. Long Beach contends that the Rider merely creates incidental interests that cannot be disclosed under TILA. Def.'s Mot. at 6. The plaintiffs disagree with this characterization. They point to the language in the Rider describing "goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property." Pls.' Resp. at 9–10. Thus, they claim that Long Beach created a security interest in virtually all of the plaintiffs' personal property. *Id.* at

11. Under TILA, these plaintiffs argue, such security interest had to be disclosed. *Id.* at 9.

Long Beach contends that the language the plaintiffs point to is qualified by the list of appliances and goods that follow, all of which it contends are fixtures. Def.'s Mot. at 8. Long Beach also argues that the Rider creates interests only in appliances and goods "now or hereafter attached to the Property." *Id.* at 7. In response, the plaintiffs argue that this language refers only to panelling and attached floor coverings. Pls.' Resp. at 10.

At issue, then, is whether the Rider creates security interests, requiring disclosure, or only incidental interests, prohibiting disclosure. Thus stated, this issue is one of first impression in this circuit.

Neither TILA nor Regulation Z defines the term "fixture." Regulation Z provides that any term not defined by the regulations should be construed pursuant to state law or contract. 12 C.F.R. § 226.2(b)(3). The mortgage contracts do not define the term "fixture." This Court must therefore turn to Massachusetts law, which defines "fixtures" as "goods that have become so related to particular real property that an interest in them arises under real property law." Mass. Gen. Laws ch. 106, § 9-102(a)(41). Long Beach argues that this Court ought determine, as matter of law, that the items enumerated in the Rider fall within this definition.

This Court disagrees.

A reasonable interpretation of the Rider is that it creates a security interest in "goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the property." Further, other courts addressing the very language contained in the Rider have held that such language creates security interests that must be disclosed. *See,*

*e.g., Leon v. Washington Mutual Bank, F.A.,* 164 F.Supp.2d 1034, 1039 (N.D.Ill. 2001). For these reasons, this Court cannot conclude that the only reasonable interpretation of the Rider is that it creates only incidental interests that cannot be disclosed. The Court here expresses no opinion, beyond denying the motion to dismiss Counts I and II, as to the proper construction of the Rider.

## D. Severance of Plaintiffs Jeune and Smith

Long Beach also argues that Jeune and Smith are improperly joined as parties in this action. Def.'s Mot. at 3. The law on permissive joinder requires that a right of relief must be asserted by each plaintiff relating to, or arising out of, the same transaction, occurrence, or series of transactions or occurrences, and there must be a question of law or fact common to all of the parties. Fed.R.Civ.P. 20(a); *Graziose v. American Home Prods. Corp.,* 202 F.R.D. 638, 640 (D.Nev.2001). The foregoing requirements do not require the precise concurrence of all factual and legal issues. *Kedra v. City of Philadelphia,* 454 F.Supp. 652, 661-62 (E.D.Pa.1978).

In the present case, even though the parties signed different loans, a conscious parallelism in the conduct of Long Beach appears to exist. In fact, there seems to be no dispute that the three plaintiffs signed similar documents and that each loan contained an identical Rider.

Since the Court has broad discretion here, it will refrain from severing Jeune and Smith at this stage. Moreover, since this is a putative class action, this Court will have another chance, pursuant to Fed. R.Civ.P. 23, to review the existence of at least one common question of law or fact at the class certification stage.

### Rescission

■ Finally, Long Beach asks this Court to dismiss Carye's individual claim of rescission. Long Beach notes that Carye admits receiving two copies of Notices of Right to Cancel (the "Notices") that included a three-day period for the rescission. See Am. Compl. ¶ 11 & Exs. K, L. Thus, Long Beach argues, Carye has waived his right to rescind. Def.'s Mot. at 10.[3]

■ Analysis again starts with TILA itself. A debtor has a right to rescind within three business days of the transaction's consummation or three business days from the delivery of the information and rescission forms together with material disclosures, whichever occurs later. 15 U.S.C. § 1635(a). The creditor must clearly disclose this rescission right to the debtor. *Id.;* 12 C.F.R. § 226.23(b)(1). Should a creditor fail to deliver any of the required material disclosures (including notice of the right to rescind), the debtor may rescind at any time up to three years following the consummation of the transaction, transfer of the debtor's entire interest in the property, or sale of the property, whichever occurs first. 12 C.F.R. § 226.23(a)(3). Misleading disclosures can also trigger the extended rescission period because "a misleading disclosure is as much a violation of TILA as a failure to disclose at all." *Barnes v. Fleet Nat'l Bank,* 370 F.3d 164, 174 (1st Cir.2004)

3. Carye argues that the signed Notices are not dispositive because they only create a "rebuttable presumption" that he received the documents. Pls.' Resp. at 6–7. Carye, however, stated in the Amended Complaint that the Notices were "actually delivered" to him. Am. Compl. ¶ 40.

4. Consideration of the Notices is appropriate in the context of this motion to dismiss. When documents are central to a plaintiff's claims, the documents can be considered at the pleading stage. *Palmer v. Champion*

(quoting *Smith v. Chapman,* 614 F.2d 968, 977 (5th Cir.1980)).

■ The Notices are standard forms stating that the borrower has the right to cancel the transaction within three days from: (1) the date of the transaction, (2) the date of the TILA disclosures, or (3) the date of receipt of the Notice.[4] The Notices do not, however, state the transaction dates. Carye argues that Long Beach's failure to include the transaction dates on the Notices triggered the extended rescission period. *See* Am. Compl. ¶ 41. The question is, thus, whether omission of the date of the transaction and the date of expiration of the rescission period are confusing to the average borrower.[5]

In Palmer, 465 F.3d at 28–29, the First Circuit held that a notice which failed to include a date certain for rescission was nevertheless clear and conspicuous because it contained an alternative provision providing for a three-day rescission period from the date of the receipt of the notice. Similarly, in this case, despite the fact that the Notices failed to include the dates of the transaction, this Court is persuaded as matter of law that the average person would be aware that the rescission period expired three days after receiving the Notices.

### III. CONCLUSION

Accordingly, Long Beach's Motion to Dismiss [Doc. No. 12] is ALLOWED in part, and DENIED in part as follows:

*Mortgage,* 465 F.3d 24, (1st Cir.2006) (Notice of Right to Cancel annexed to complaint "fair game" on a motion to dismiss); *Fudge v. Penthouse Int'l, Ltd.,* 840 F.2d 1012, 1015 (1st Cir.1988) (appropriate for district court to consider, on a motion dismiss, a copy of an article provided by defendant that was "absolutely central" to the plaintiff's case).

5. An objective standard applies in evaluating TILA claims. *Palmer,* 465 F.3d at 28.

· It is DENIED as to the claims for damages, brought by the plaintiffs on behalf of a putative class for Long Beach's alleged violations of the Truth in Lending Act.

· It is DENIED without prejudice as to severing the Plaintiffs Jeune and Smith from this action.

· Long Beach's motion to dismiss the individual claim of rescission brought by Carye is ALLOWED and this particular claim is DISMISSED.

SO ORDERED.