# United States Court of Appeals
## For the First Circuit

No. 09-1066

JOSEPH MELFI,

Plaintiff, Appellant,

v.

WMC MORTGAGE CORPORATION, Series 2006-WMCZ under the pooling
and servicing agreement without recourse; MORGAN STANLEY ABS
CAPITAL 1 INC., Asset Backed Pass Through Certificates; DEUTSCHE
BANK NATIONAL TRUST COMPANY, N.A., as Trustee of Morgan Stanley
ABS Capital 1 Inc.; WELLS FARGO BANK, N.A.; DOES 1-5,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before
Boudin, Hansen,* and Lipez,
Circuit Judges.

Christopher M. Lefebvre with whom Claude F. Lefebvre and
Christopher M. Lefebvre, P.C. were on brief for appellant.
Jeffrey S. Patterson with whom David E. Fialkow and Nelson
Mullins Riley & Scarborough, LLP were on brief for appellees
Deutsche Bank National Trust Company, N.A. and Wells Fargo Bank,
N.A.

June 11, 2009

*Of the Eighth Circuit, sitting by designation.

**BOUDIN**, <u>Circuit Judge</u>.    In April 2006, Joseph Melfi refinanced his home mortgage with WMC Mortgage Corporation ("WMC"). At the closing, Melfi received from WMC a notice of his right to rescind the transaction.    The notice is required for such a transaction by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(a) (2006).    Assuming that the notice complies with TILA, a borrower is given three "business days" to rescind the transaction; otherwise, the period is much longer.    <u>Id.</u>    The question in this case is whether the notice given Melfi adequately complied.

The three-day period aims "to give the consumer the opportunity to reconsider any transaction which would have the serious consequence of encumbering the title to his [or her] home." S. Rep. No. 96-368, at 28 (1979), <u>reprinted in</u> 1980 U.S.C.C.A.N. 236, 264.    Under TILA, the requirements for the notice are established by the Federal Reserve Board ("the Board") in its Regulation Z.    12 C.F.R. § 226.23 (2007).    Failure to provide proper notice extends to three years the borrower's deadline to rescind.    <u>Id.</u> § 226.23 (a)(3).

About 20 months after the closing, Melfi attempted to rescind the transaction.    The incentives for a borrower to do so may be substantial where a new loan is available, especially if rates have fallen or substantial interest has been paid during the period of the original loan.    "When a consumer rescinds a transaction . . . the consumer shall not be liable for any amount,

including any finance charge" and "the creditor shall return any money or property that has been given to anyone in connection with the transaction . . . ."  12 C.F.R. 226.23(d)(1), (2).

Melfi argued that the notice of his right to cancel was deficient because it left blank the spaces for the date of the transaction (although the date was stamped on the top right corner of the notice) and the actual deadline to rescind.  WMC and co-defendants Deutsche Bank and Wells Fargo (the loan's trustee and servicer, respectively) refused to allow the rescission, and Melfi then brought this action in the federal district court in Rhode Island.

The district court, following our decision in Palmer v. Champion Mortgage, 465 F.3d 24 (1st Cir. 2006), asked whether a borrower of average intelligence would be confused by the Notice. Melfi v. WMC Mortgage Corp., No. 08-024ML, 2009 WL 64338, at *1 (D.R.I. Jan. 9, 2009).  The court ruled that even if the omissions in the notice were violations, they were at most technical violations that did not give rise to an extended rescission period because the notice was clear and conspicuous despite the omissions, and it dismissed Melfi's complaint.  Id. at *3.

Melfi now appeals.  Our review is de novo, accepting all of the well-pleaded facts in the complaint as true and drawing reasonable inferences in favor of Melfi.  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

-3-

We may consider materials incorporated in the complaint (here, the notice Melfi received) and also facts subject to judicial notice. In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 14 (1st Cir. 2003).

TILA provides that "[t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor [here, Melfi] in a transaction subject to this section the rights of the obligor under this section." 15 U.S.C. § 1635(a). Regulation Z says what the notice of the right to cancel must clearly and conspicuously disclose; pertinently, the regulation requires that the notice include "[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(1)(v).

The Board has created a model form; a creditor must provide either the model form or a "substantially similar notice." 12 C.F.R. § 226.23(b)(2). The use of the model form insulates the creditor from most insufficient disclosure claims. 15 U.S.C. § 1604(b). WMC gave Melfi the model form, but the spaces left for the date of the transaction and the date of the rescission deadline were not filled in. The form Melfi received had the date of the transaction stamped at its top (but it was not so designated) and then read in part:

> You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within **THREE BUSINESS DAYS** from whichever of the following events occurs **LAST:**

-4-

          (1) The date of the transaction, which is _____ ; or
          (2) The date you receive your Truth in Lending disclosures; or
          (3) The date you received this notice of your right to cancel.

. . . .

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing. . . .

You may use any written statement that is signed and dated by you and states your intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
. . . .

Melfi's argument is straightforward. Regulation Z requires in substance the deadline for rescission be provided; one of the three measuring dates--the date of the transaction--was left blank (the other two are described but have no blanks); and therefore the notice was deficient and Melfi has three years to rescind. A number of district court cases, along with two circuit

court opinions, support Melfi's position,[1] although one of the circuit cases also involved more serious substantive flaws.

The circuit cases are now elderly and may be in tension with later TILA amendments, but the statements that "technical" violations of TILA are fatal has been echoed in other cases. This circuit took a notably different approach in Palmer to determining whether arguable flaws compromised effective disclosure process. See also Santos-Rodriguez v. Doral Mortgage Corp., 485 F.3d 12, 17 (1st Cir. 2007). Following Palmer, district court decisions in this circuit concluded that failing to fill in a blank did not automatically trigger a right to rescind.[2]

In Palmer, the plaintiff received a notice of her right to cancel that followed the Federal Reserve's model form but the form was not received until after the rescission deadline listed on the notice. 465 F.3d at 27. Nonetheless, Palmer held that the notice "was crystal clear" because it included (as in the Federal Reserve's model form) the alternative deadline (not given as a date but solely in descriptive form) of three business days following

---

[1]E.g., Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 702-03 (9th Cir. 1986); Williamson v. Lafferty, 698 F.2d 767, 768-69 (5th Cir. 1983); Johnson v. Chase Manhattan Bank, USA N.A., No. 07-526, 2007 WL 2033833, at *3 (E.D. Pa. July 11, 2007); Reynolds v. D & N Bank, 792 F. Supp. 1035, 1038 (E.D. Mich. 1992).

[2]Bonney v. Wash. Mut. Bank, 596 F. Supp. 2d 173 (D. Mass. 2009); Megitt v. Indymac Bank, F.S.B., 547 F. Supp. 2d 56 (D. Mass. 2008); Carye v. Long Beach Mortgage Co., 470 F. Supp. 2d 3 (D. Mass. 2007).

the date the notice was received, so the plaintiff still knew that she had three days to act.  Id. at 29.

Palmer did not involve the blank date problem.  Palmer, 465 F.3d at 29.  But the principle on which Palmer rests is broader than the precise facts: technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to the final date for rescission and has the three full days to act. Our test is whether any reasonable person, in reading the form provided in this case, would so understand it.  Here, the omitted dates made no difference.

The date that Melfi closed on the loan can hardly have been unknown to him and was in fact hand stamped or typed on the form given to him.  From that date, it is easy enough to count three days; completing the blank avoids only the risk created by the fact that Saturday counts as a business day under Board regulations, 12 C.F.R. § 226.2(6), and the borrower might think otherwise.  Lafferty, 698 F.2d at 769 n.3 ("[T]he precise purpose of requiring the creditor to fill in the date [of the rescission deadline] is to prevent the customer from having to calculate three business days").

Nor does completing the blank necessarily tell the borrower how long he has to rescind.  Where after the closing the borrower is mailed either the notice or certain other required information, the three days runs not from the transaction date but

from the last date when the borrower receives the notice and other required documents. Melfi himself says he was given the form on the date of the closing and does not claim that there was any pertinent delay in giving him the other required disclosures. So the blanks in no way misled Melfi in this case.

So the argument for allowing Melfi to extend his deadline from three days to three years depends on this premise: that any flaw or deviation should be penalized automatically in order to deter such errors in the future. If Congress had made such a determination as a matter of policy, a court would respect that determination; possibly, this would also be so if the Board had made the same determination. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). Melfi argues at length that we owe such deference to the Board.

The answer is that there is no evidence in TILA or any Board regulation that either Congress or the Board intended to render the form a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused Melfi to think that he had months in order to rescind. The central purpose of the disclosure--the short notice period for rescission at will--was plain despite the blanks. Melfi's argument assumes, rather than establishes, that a penalty was intended.

Some cases finding a blank notice form to be grounds for rescission even though harmless were decided under an earlier

version of TILA.  In 1995, Congress added a new subsection to TILA, titled "Limitation on Rescission Liability."  It provided that a borrower could not rescind "solely from the form of written notice used by the creditor . . . if the creditor provided the [borrower] the appropriate form of written notice published and adopted by the Board . . . ."  Truth in Lending Act Amendments of 1995, Pub L. No. 104-29, § 5, 109 Stat. 271, 274 (1995) (codified at 15 U.S.C. § 1635(h)).

Read literally, this safe harbor <u>may</u> not be available to WMC because, while it used the Board's form of notice, it did not properly fill in the blanks.  But the TILA amendments were aimed in general to guard against widespread rescissions for minor violations.  <u>McKenna</u> v. <u>First Horizon Loan Corp.</u>, 475 F.3d 418, 424 (1st Cir. 2007).  To this extent, Congress has now leaned against a penalty approach and, perhaps, weakened the present force of the older case law favoring extension of the rescission deadline.

In any event, in the absence of some direction from Congress or the Board to impose a penalty, we see no policy basis for such a result.  Where, as here, the Board's form was used and a reasonable borrower cannot have been misled, allowing a windfall and imposing a penalty serves no purpose and, further, is at odds with the general approach already taken by this court in <u>Palmer</u>.

<u>Affirmed</u>.