# United States Court of Appeals

## For the First Circuit

No. 10-1642

IN RE: DAVID L. FULLER; BETSY L. FULLER,

Debtors.

_____

DAVID L. FULLER; BETSY L. FULLER,

Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
the Registered Holders of CDC Mortgage Capital Trust 2003-HE4,
Mortgage Pass-Through Certificates, Series 2003-HE4,

Appellee,

_____

ENCORE CREDIT CORP.;
BEAR STEARNS RESIDENTIAL MORTGAGE CORP.,

Defendants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Joseph L. Tauro, U.S. District Judge]

_____

Before

Torruella, Circuit Judge,
Souter,* Associate Justice,
and Boudin, Circuit Judge.

_____

Kenneth D. Quat with whom Quat Law Offices was on brief for
appellants.

_____

*The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

          David Fialkow with whom Jeffrey S. Patterson and Nelson
Mullins Riley & Scarborough LLP were on brief for appellee.

————————————

April 21, 2011

————————————

**BOUDIN**, **Circuit Judge**.    David and Betsy Fuller bought land in Tyngsboro, Massachusetts in 1991, and built on it their single-family residence where they have lived ever since.  In 2003, the Fullers refinanced their mortgage, obtaining a $256,500 loan from Encore Credit Corp. ("Encore").  Although scheduled to close a day earlier, the loan in fact closed on August 12, 2003.  Later that year the mortgage was assigned to Deutsche Bank National Trust Co. ("Deutsche Bank").  The Fullers fell behind on their payments to Deutsche Bank, which in 2008 initiated foreclosure proceedings and rejected the Fullers' requests to rescind the mortgage.  The Fullers then filed a voluntary Chapter 13 bankruptcy petition.

On April 11, 2008, the Fullers filed a complaint in bankruptcy court against Deutsche Bank, seeking rescission under Massachusetts law.  As later amended, the complaint charged that the mortgage was rescindable because Encore had failed to provide the proper closing and rescission dates and, separately, on the ground that Encore had failed to provide the Fullers with "high cost home mortgage loan" disclosures.  The remaining count sought damages from Deutsche Bank under Chapter 93A of the Massachusetts General Laws because Deutsche Bank had not complied with the Fuller's pre-suit rescission request.

On October 6, 2009, following discovery, the bankruptcy court granted Deutsche Bank's motion for summary judgment and denied the Fullers' own motion for summary judgment.  After the

bankruptcy court denied their motion for reconsideration, including a request to certify issues to the Massachusetts Supreme Judicial Court, the Fullers appealed to the district court, which affirmed the bankruptcy court's decision. The Fullers have now appealed to this court.

The Fullers' first claim is that they were not given adequate notice of their right to rescind the loan as required by the Massachusetts Consumer Credit Cost Disclosure Act ("the Massachusetts credit statute"). That statute was modeled after the federal Truth in Lending Act ("TILA"), McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 422 (1st Cir. 2007); Lynch v. Signal Fin. Co. of Quincy, 327 N.E.2d 732, 734 (Mass. 1975), and because they are substantially similar, we construe the Massachusetts credit statute "in accordance with" TILA, McKenna, 475 F.3d at 422, absent reason to do otherwise.

Like TILA, the Massachusetts credit statute gives consumers the right to rescind a mortgage "until midnight of the third business day following the consummation of the transaction." Mass. Gen. Laws ch. 140D, § 10(a) (2008); see also 15 U.S.C. § 1635(a) (2006). The purpose of the three-day period, sometimes referred to as a "cooling off" period, is "to give the consumer the opportunity to reconsider any transaction which would have the serious consequence of encumbering the title to his home."

S. Rep. No. 96-368, at 28 (1979), reprinted in 1980 U.S.C.C.A.N. 236, 264.

To comply, a lender must disclose the consumer's right of rescission "clearly and conspicuously," Mass. Gen. Laws ch. 140D, § 10(a), which according to the implementing regulations, includes disclosing "[t]he date the rescission period expires," 209 Mass. Code Regs. 32.23(2)(a) (2010). Although the Fullers sought to rescind almost five years after the loan closed and the statute has a four-year statute of limitations, Mass. Gen. Laws ch. 140D, §10(f), the Fullers claim that a consumer may rescind the mortgage after foreclosure proceedings are initiated against him if he was not given proper notice of his right to rescind, see 209 Mass. Code Regs. 32.23(8)(a)(2).[1]

The Fullers claim that the disclosure forms they received from Encore (1) incorrectly stated that the loan closed on August 11, 2003, instead of the day the loan actually closed, on August 12, 2003; and (2) did not provide the date that they would be allowed to rescind the mortgage. The Fullers submitted an unsigned copy of the "Notice of Right to Cancel" disclosure forms they received at the closing that read in pertinent part:

---

[1]Whether the Fullers' limitations argument is correct might be debated. See Mass. Gen. Laws ch. 140D, § 10(i)(1) (a consumer's right to rescind after foreclosure proceedings are commenced against him is "subject to the time period provided in subsection (f)"). However, Deutsche Bank has conceded that the Fullers' request was timely, so we do not pursue the matter.

> You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
>> 1. the date of the transaction, which is 08/11/03; or
>> 2. the date you receive your Truth in Lending disclosures; or
>> 3. the date you receive this notice of your right to cancel.
>
> * * *
>
> If you cancel by mail or telegram, you must send the notice no later than midnight of _____ (or midnight of the third business day following the latest of the three events listed above).

Deutsche Bank produced copies of the right to cancel forms that are identical to the forms the Fullers produced, with three important differences. First, the forms Deutsche Bank submitted were signed by the Fullers, and the Fullers dated the forms August 12, 2003. Second, the printed transaction date of "08/11/03" was altered: the "11" was crossed out by hand and "12" was handwritten in above it, presumably to signify that the actual closing date was August 12, 2003. Third, the date "8-15-03" is handwritten in the space for the date of rescission.

The Fullers concede that they signed and dated the forms. However, they dispute that the handwritten changes were made when they signed the notices. In their affidavit, the Fullers claim that they do not "recognize the handwriting of these items or know

-6-

who made them," and that if the handwritten changes were indeed made when they were asked to sign the forms, they "would not have signed without initialing the changes." As the bankruptcy court noted, "were either party's version of the facts taken as the truth, one of the parties would be making a serious misrepresentation of the events surrounding the mortgage transaction." The bankruptcy court found it unnecessary to choose between the two versions, nor need we do so.

This court held in Melfi v. WMC Mortgage Corp. that under TILA, "technical deficiencies do not matter if the borrower receives a notice that effectively gives him notice as to the final date for rescission and has the three full days to act." 568 F.3d 309, 312 (1st Cir. 2009), cert. denied, 130 S. Ct. 1058 (2010); see also Palmer v. Champion Mortg., 465 F.3d 24, 28-29 (1st Cir. 2006). In that case, we held notice was adequate because the loan date was stamped at the top of the sheet even though the proper space on the form was left blank, and the three-day period was specified even though that date was also not put in the proper blank. Melfi, 568 F.3d at 310, 312.

Even assuming the Fullers' version of the facts, they are in essentially the same situation as Melfi: they signed the right to cancel forms and dated them August 12, 2003, and so were necessarily of the correct closing date; and the notice forms made clear that they had a right "to cancel this transaction, without

cost, within three business days from . . . the date of the transaction." Thus there is no question that under TILA, the Fullers received adequate notice of their right to cancel.

The Fullers argue that Massachusetts courts would not follow Melfi's construction of TILA when interpreting the Massachusetts credit statute. However, the Massachusetts credit statute was "closely modeled" on TILA, McKenna, 475 F.3d at 422; its expressed aim was to bring state law in conformity with TILA, 1969 Mass. Acts 356; and the Supreme Judicial Court has held that the Massachusetts credit statute "was designed to provide requirements 'substantially similar' to those imposed under the Federal act," Lynch, 327 N.E.2d at 734.

"Where the [Massachusetts] Legislature in enacting a statute follows a Federal statute, [the Massachusetts courts] follow the adjudged construction of the Federal statute by the Federal courts." Packaging Indus. Grp., Inc. v. Cheney, 405 N.E.2d 106, 108 (Mass. 1980). For example, in Mayo v. Key Financial Services, Inc., the state court said that because the Massachusetts credit statute was "closely modeled on" TILA, "[f]ederal court decisions are instructive in construing" it. 678 N.E.2d 1311, 1313 (Mass. 1997) (citing Packaging Indus. Grp., 405 N.E.2d at 108; Lynch, 327 N.E.2d at 734).

As the Fullers note, Massachusetts courts "liberally construe[]" consumer protection statutes, Shepard v. Fin. Assocs.

of Auburn, Inc., 316 N.E.2d 597, 603 (Mass. 1974); but TILA is similarly read by federal courts, Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 171 (1st Cir. 2004). And to us a liberal construction is one that carries out the purpose of the statute to protect the consumer against harm, resolving uncertainties where possible in favor of this objective; it does not license the undoing of bargains where no harm whatever occurred or could have occurred.

There are federal TILA cases--some cited by the Fullers--that allowed rescission for technical defects that could not have caused harm, but (as we explained in Melfi, 568 F.3d at 312-13), these "elderly" cases were "in tension with" 1995 amendments to TILA, which were matched by Massachusetts amendments.[2] It is hard to imagine any court thinking that every small slip--say, a date printed upside down or a name with a letter missing--could automatically allow rescission after five years. This being so, cases like this one are inherently fact-specific.

After they initially lost in the bankruptcy court, the Fullers asked that the matter be certified to the Supreme Judicial Court--which the bankruptcy court refused to do--and they renew the request here. The Fullers chose the federal forum and waited until

---

[2]Compare Truth in Lending Act Amendments of 1995, Pub L. No. 104-29, § 5, 109 Stat. 271, 274 (1995) (codified at 15 U.S.C. § 1635(h)), with 1996 Mass. Acts 1090-91 (codified at Mass. Gen. Laws ch. 140D, § 10(h)).

they lost before asking for certification.  This is almost always fatal unless the court sees strong policy reasons to insist on certification itself, which is not the case here.[3]  Nor do we normally certify cases that depend not on a general legal rule but on a unique fact configuration, although there could be rare exceptions.

The Fullers' second independent claim is that they did not receive "High Cost Home Mortgage Loan" disclosures.  The regulations under the Massachusetts credit statute require lenders to print the following statement on the loan application above the borrower's signature:

> The loan which will be offered to you is not
> necessarily the least expensive loan available
> to you and you are advised to shop around to
> determine competitive interest rates, points,
> and other fees and charges.

209 Mass. Code Regs. 32.32(3)(f)(1).  This statement was not provided on the loan application, but instead was only provided to the Fullers on a separate form at the closing.

Deutsche Bank invokes an exception that permits the warning to be deferred where the lender--at the time of the application--does not yet know whether the borrower's application is "a high cost home loan application."  209 Mass. Code Regs.

---

[3]Cantwell v. Univ. of Mass., 551 F.2d 879, 880 (1st Cir. 1977); see also Bos. Car Co. v. Acura Auto. Div., Am. Honda Motor Co., 971 F.2d 811, 817 n.3 (1st Cir. 1992); Fischer v. Bar Harbor Banking & Trust Co., 857 F.2d 4, 8 (1st Cir. 1988), cert. denied, 489 U.S. 1018 (1989).

32.32(3)(f)(1). But while Deutsche Bank suggests that this was the case with Encore, it bears the burden of bringing the matter within the exception and yet points to no evidence that Encore did not know the loan was a high cost home mortgage at the time of the application.

However, under the Massachusetts regulations that impose the warning requirement, consumers can rescind the loan only within three days of receiving the high cost home loan disclosures. 209 Mass. Code Regs. 32.23(1)(c) & n.48. The Fullers do not dispute that the warning was provided to them at the time of the loan. Far from acting within three days, they waited almost five years. The indefinite delay arguably permitted where there is no notice given of a right to rescind, see id. at 32.23(8)(a)(2), does the Fullers no good; the only flaw here is a briefly delayed warning that the loan is high cost.

The Fullers' final claim was for damages under chapter 93A of the Massachusetts General Laws because Deutsche Bank did not rescind the mortgage within 20 days of the request to do so, Mass. Gen. Laws ch. 140D, § 10(b); but, as the Fullers acknowledged in their filings and at oral argument, there is no liability under this provision if there was no right to rescind. Accordingly, our rejection of the substantive claims for rescission also disposes of the 93A claim.

Affirmed.