**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 22-1350

KEVIN S. CLAPP,

Plaintiff, Appellant,

v.

TROOPER BRUCE TOBIN, ETC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison D. Burroughs, U.S. District Judge]

Before

Gelpí, Selya, and Montecalvo,
Circuit Judges.

Robert C. Johnson, Jr., with whom Johnson & Associates was on brief, for appellant.
Brian Rogal, with whom Rogal & Donnellan, P.C. was on brief, for appellee Tobin.
Joseph G. Donnellan, with whom Rogal & Donnellan, P.C. was on brief, for appellee Kearns.
Lorena Galvez, with whom Joseph P. Kittredge and Rafanelli Kittredge, P.C. were on brief, for appellee Brooks.
Joseph P. Kittredge, with whom Lorena Galvez and Rafanelli Kittredge, P.C. were on brief, for appellee Tully.

August 4, 2023

**SELYA**, <u>Circuit Judge</u>.  Not every appeal produces a need for a full-dress opinion.  Some appeals present only issues that are either factbound or context-specific and involve nothing more than the application of settled principles of law to particular circumstances.  This is such a case.

In the district court, plaintiff-appellant Kevin S. Clapp brought suit against seventy-nine defendants.  After compendious pretrial proceedings, the herd of defendants was thinned out substantially to four.[1]  The district court presided over the ensuing trial with care and circumspection, and the case went to the jury against the remaining four defendants (all Massachusetts state troopers).  The gravamen of the plaintiff's amended complaint was the allegation that the troopers, jointly and severally, had acted under color of state law so as to violate the plaintiff's civil rights through, inter alia, the use of excessive force.  <u>See</u> 42 U.S.C. § 1983.

The jury found in favor of all of the defendants, returning take-nothing verdicts.  The plaintiff did not move for

---

[1] The plaintiff has not appealed from any of the district court's rulings regarding any of the other seventy-five defendants.

- 3 -

a new trial but, rather, filed this notice of appeal advancing what he describes as seven separate claims of error.[2]

We have reviewed the entire record and the parties' briefs. In addition, we have heard oral argument. After careful consideration, we conclude that the appeal presents no substantial issue of law and that, therefore, summary disposition is in order. We explain briefly.

All of the plaintiff's claims of error implicate the same standard of review: abuse of discretion. See, e.g., Ira Green, Inc. v. Mil. Sales & Serv. Co., 775 F.3d 12, 18 (1st Cir. 2014) (rulings admitting or excluding evidence are reviewed for abuse of discretion); Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) (ruling on motion to file amended complaint is reviewed for abuse of discretion). Abuse of discretion is by any measure a deferential standard of review. See United States v. Padilla-Galarza, 990 F.3d 60, 80 (1st Cir. 2021). As we noted many years ago, "'[a]buse of discretion' is a phrase which sounds worse than it really is." Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 727 (1st Cir. 1984) (quoting In re Josephson, 218 F.2d 174, 182 (1st Cir. 1954)).

---

[2] Refined to bare essence, some of the plaintiff's claims of error overlap, that is, they hinge on the same evidentiary predicate.

Here, the challenged rulings, without exception, rest on well-established precedent. See, e.g., Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006) (motion to amend may be denied on grounds of undue delay); United States v. Marrero-Ortiz, 160 F.3d 768, 775 (1st Cir. 1998) ("[A] district court has discretion to exclude from evidence acquittals or other favorable outcomes of prior state court proceedings involving the same subject matter."). Moreover, the district court's interpretation and application of these authorities were both sound and within the compass of its discretion. Given the unexceptional nature of the district court's rulings, it would serve no useful purpose to recite book and verse.

We need go no further. For aught that appears, the plaintiff had a fair trial before an impartial jury, presided over even-handedly by a conscientious judge. And he has had a full and fair opportunity to air his claims of error before this court. We have found those claims wanting: they are context-specific, they implicate no new legal principles, and the district court's challenged rulings must be viewed, on appeal, through a deferential glass. Thus, we readily conclude that the plaintiff has failed to identify any abuse of the district court's wide discretion, and we summarily affirm the judgment below.

**Affirmed**. See 1st Cir. R. 27.0(c).