# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Anita Cecil, et al.,**
**Plaintiffs Below, Petitioners**

**vs) No. 13-0076** (Wyoming County 04-C-104)

**Bluestone Coal Corporation,**
**EQT Production Company, and**
**Jim C. Hamer Company,**
**Defendants Below, Respondents**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Anita Cecil, et al., by counsel John T. Burleson, appeal the Circuit Court of Wyoming County's order granting summary judgment to respondents on August 17, 2012, and the circuit court's order denying petitioners' motion for reconsideration on January 3, 2013. Respondent EQT Production Company ("EQT"), by counsel Timothy Miller, filed its response in which respondent Bluestone Coal Corporation, by counsel Lawrence Morhous, joined. Jim C. Hamer Company, by counsel David Goddard, filed its response. On appeal, petitioners allege that the circuit court erred in granting respondents' motions for summary judgment, dismissing the case pursuant to Rules 37(b) and 41(b) of the West Virginia Rules of Civil Procedure, and denying petitioners' motion to reconsider.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2004, petitioners filed a complaint alleging that the land use activities of respondents proximately caused petitioners to sustain property damage following flooding in May of 2002. After several years of inactivity, EQT moved for the production of documents, specifically, the latitude and longitude of all damaged property. Following a hearing on respondents' motion to compel, the circuit court directed petitioners to provide EQT with the latitude and longitude of the damaged properties.

In November of 2010, EQT moved for summary judgment arguing that petitioners were not downstream from EQT's operations.[1] By order entered on January 24, 2011, the circuit court

---

[1] Bluestone Coal Corporation and Jim C. Hamer Company also moved for summary judgment. Petitioners did not file a response to respondents' motions for summary judgment.

1

denied respondents' motions for summary judgment, and directed petitioners to designate a representative to take respondents' representative to each of the damaged properties to determine their exact locations. EQT filed a motion to compel, which the circuit court granted, again directing petitioners to designate a representative to take respondents' representative to each of the damaged properties to determine their exact locations. After discovery was completed, EQT moved for summary judgment.[2] Following a hearing on these motions, the circuit court held respondents' motions for summary judgment in abeyance pending the depositions of plaintiffs' experts to determine if they would offer any testimony or opinions in opposition to the motions for summary judgment.

After deposing petitioners' experts, respondents filed supplemental memoranda of law in support of their motions for summary judgment.[3] Following several continuances for good cause, the circuit court held a hearing on respondents' motions for summary judgment on June 29, 2012.[4] By order entered on August 17, 2012, the circuit court granted respondents' motions for summary judgment.

Thereafter, petitioners filed a motion to reconsider. By order entered on January 3, 2013, the circuit court denied petitioners' motion to reconsider. The circuit court held that "[petitioners] failed to come forward with any probative evidence or information indicating [that the circuit court] erred in its prior ruling." It is from these orders that petitioners now appeal.

On appeal, petitioners raise three assignments of error. First, petitioners argue that the circuit court's order was deficient as a matter of law because the circuit court did not make any findings of material fact. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Upon review of the circuit court's order granting summary judgment in favor of respondents, this Court finds that petitioners' argument is without merit. In this instance, the circuit court made sixteen findings of fact and four conclusions of law supporting its decision to grant respondents' motions for summary judgment. In granting respondents' motions for summary judgment, the circuit court concluded that

> [petitioners'] experts have failed to provide opinions, or conduct any studies, regarding [petitioners'] claims . . . . Likewise, there is no fact testimony linking the May 2, 2002[,] flooding with the [respondents'] operations. [Petitioners] have not demonstrated an ability to prove, through expert testimony or otherwise, that the [respondents] contributed to the flooding of May 2, 2002.

Additionally, petitioners did not challenge the sufficiency of the circuit court's findings of facts

---

[2]Bluestone Coal Corporation and Jim C. Hamer Company also moved for summary judgment. Petitioners did not file a response to respondents' motions for summary judgment.

[3]Petitioners did not respond to respondents' supplemental briefing.

[4]Petitioners did not appear at the hearing on respondents' motions for summary judgment.

and conclusions of law. For these reasons, we find that the circuit court did not err in granting summary judgment in favor of respondents.

Petitioners' second assignment of error is that the circuit court erred in dismissing the case on alternative grounds pursuant to Rules 37(b) and 41(b) of the West Virginia Rules of Civil Procedure.[5] Petitioners allege that dismissal pursuant to Rule 37(b) of the West Virginia Rules of Civil Procedure was improper because they were not given proper notice of a hearing on sanctions. Likewise, petitioners argue that the circuit court erred in dismissing their case pursuant to Rule 41(b) because the circuit court entered orders within one year of the hearing on respondents' motions for summary judgment and that petitioners were not provided proper notice and an opportunity to be heard pursuant to Rule 41(b). Because petitioners' first assignment of error is dispositive of this appeal, petitioners' second assignment of error is moot and does not need to be addressed by this Court.

Finally, petitioners argue that the circuit court erred in denying their "Motion for Reconsideration." Specifically, petitioners allege that the circuit court erred in ruling that they failed to present additional evidence. Petitioners claim they were not required to supplement the record because the motion was filed within ten days of entry of the circuit court's order granting summary judgment in favor of respondents. As an initial matter, this Court must determine the appropriate standard of review for petitioners' argument. This Court has said that "a 'motion to reconsider' is not a properly titled pleading in West Virginia." *Richardson v. Kennedy*, 197 W.Va. 326, 329, 475 S.E.2d 418, 421 (1996). Additionally,

> [w]hen a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996). The circuit court's order granting respondents summary judgment was entered on August 17, 2012, and petitioners' motion to reconsider was filed on August 27, 2012. Therefore petitioners' motion was filed within ten days, and will be treated as a motion to alter or amend under Rule 59(e) of the West Virginia Rules of Civil Procedure.

We have previously held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204

---

[5]Rule 37(b) states that "If a party or an officer, director, or managing agent of a party or a person . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." Rule 41(b) provides that "[a]ny court in which is pending an action wherein for more than one year there has been no order or proceeding . . . may, in its discretion, order such action to be struck from its docket . . . ."

W.Va. 430, 513 S.E.2d 657 (1998). "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Under Rule 59(e), petitioners face a significant burden:

> While Rule 59(e) does not itself provide a standard under which a circuit court may grant a motion to alter or amend, other courts and commentators have set forth the grounds for amending earlier judgments. For instance, the *Litigation Handbook on West Virginia Rules of Civil Procedure* states that a Rule 59(e) motion should be granted where: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 59(e) at 1178–1179 (3d. Ed.2008). Under Rule 59(e), a party who relies on newly discovered evidence "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996). Under Rule 59(e), the reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See Palmer v. Champion Mortgage*, 465 F.3d 24, 29 (1st Cir.2006); *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004); *Pacific Ins. Co. v. Amer. Nat. Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir.1998). *See also 11 Wright et. al., Federal Practice and Procedure* § 2810.1 (3d ed.2010).

*Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48, 56-57, 717 S.E.2d 235, 243-44 (2011).

We do not find that the circuit court erred in denying petitioners' motion to reconsider. Petitioners did not argue that there was a change in the controlling law, offer new evidence, claim that the circuit court made a clear error of law, or allege that it was necessary to prevent an injustice. Specifically, the circuit court stated that petitioners failed to argue that its prior ruling was incorrect as a matter of law. Additionally, there is no evidence that the circuit court failed to make findings of fact and conclusions of law. Therefore, after careful consideration, this Court concludes that the circuit court did not err in denying petitioners' motion for reconsideration.

For the foregoing reasons, the Court affirms the August 17, 2012, and January 3, 2013, orders of the Circuit Court of Wyoming County, West Virginia.

Affirmed.

**ISSUED:** March 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II